NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW LEE PELTON,

Defendant - Appellant.

No. 23-1417

D.C. No.
4:21-cr-00351-JSW-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted September 17, 2025[**]
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.[***]

Matthew Pelton appeals the sentence imposed for his convictions for

conspiracy to produce child pornography and for production of child pornography,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

in violation of 18 U.S.C. § 2251(a), (e).  The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.  We dismiss the appeal.

Pelton pleaded guilty to the two offenses.  His plea agreement contained an appellate waiver that expressly included waiving appeal for "any aspect of [his] sentence."  Despite the waiver, Pelton challenges his prison sentence.  Pelton's counsel does not defend his appeal.  Instead, counsel filed an *Anders* brief asserting that, because of the appellate waiver, Pelton's appeal of his prison sentence "presents no legally nonfrivolous questions."

We will enforce an appellate waiver if "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made."  *United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021) (simplified).  A defendant makes a knowing and voluntary appellate waiver if the waiver is part of a plea agreement that complies with Rule 11.  *United States v. Lo*, 839 F.3d 777, 783–84 (9th Cir. 2016); *see* Fed. R. Crim. P. 11(b)(1)(N). Pelton's waiver satisfies these requirements.

The "plain language of [the] plea agreement" includes a "clear and unambiguous" waiver of Pelton's right to appeal his sentence.  *Lo*, 839 F.3d at 783.  And during his Rule 11 plea colloquy, Pelton stated that he understood he was giving up his right to appeal by pleading guilty and agreed that the court accurately

2

summarized the "broad" waiver of his rights to appeal any aspect of his conviction or sentence.

Pelton knowingly and voluntarily agreed to waive his right to appeal his sentence. That waiver is enforceable. We thus dismiss this appeal as barred by the appellate waiver. *See Goodall*, 21 F.4th at 656.

**DISMISSED**